UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ASHLEY KRAWIETZ, *et al*, § § Plaintiffs, § VS. § § GALVESTON INDEPENDENT SCHOOL § DISTRICT, § § Defendant. § § § | CIVIL ACTION NO. 3:15-CV-00203 |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff, Ashley Krawietz's ("Krawietz"), Motion for Attorneys' Fees. After reviewing the motion, the response, and the applicable law, the Court **GRANTS** the motion.

### Prior Proceedings

On March 30, 2017, this Court entered a memorandum opinion and order, which upheld a special education hearing officer's decision in an Individuals with Disabilities Education Act ("IDEA") case and awarded $70,839.05 in attorneys' fees and expenses to Krawietz. *Krawietz v. Galveston Indep. Sch. Dist.*, No. 3:15-CV-203, 2017 WL 1177740, 2017 U.S. Dist. LEXIS 48058, at *20 (S.D. Tex. Mar. 30, 2017). Subsequently, the Defendant, Galveston Independent School District ("GISD"), appealed the order asserting that it did not "violate the IDEA and that [Krawietz was] not a 'prevailing party' entitled to attorneys' fees." *Krawietz v. Galveston Indep. Sch. Dist.*, 900 F.3d 673, 675 (5th Cir. 2018). In a unanimous opinion issued by a three-judge panel, the Fifth Circuit affirmed the Court's summary judgment order on all grounds. *Id*. at 678.

The only remaining issue before the Court is whether Krawietz is entitled to attorneys' fees and expenses for the time she spent protecting her order and fee award on appeal. For the following reasons, the Court finds that Krawietz is entitled to these attorneys' fees and expenses.

**Analysis**

Enacted in 1975 as the Education for All Handicapped Children Act, the IDEA was created to ensure that disabled children are provided with a free and appropriate public education in the least restrictive environment possible. *See Daniel R.R. v. State Bd. of Educ.*, 874 F.2d 1036, 1043-44 (5th Cir. 1989). To that end, Congress empowered district court's with the discretion to "award reasonable attorneys' fees as part of the costs to [] prevailing part[ies]" under the Act. 20 U.S.C. § 1415(i)(3)(B)(i)(I); *see also S. H. v. Plano Indep. Sch. Dist.*, 487 F. App'x 851, 859 (5th Cir. 2012) (a district court's decision to grant attorneys' fees is reviewed for "abuse of discretion and the factual findings upon which the award is based for clear error.").

If a district court does indeed decide to award attorneys' fees, the calculation "involves a well-established process." *Jason D. W. by Douglas v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998). First, the Court is required to "calculate[] a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id*. (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). Then, the Court determines whether the lodestar figure should be adjusted after considering the twelve factors established in *Johnson*:

(1) the time and labor required for the litigation;

(2) the novelty and difficulty of the questions presented;

(3) the skill required to perform the legal services properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the result obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and,

(12) awards in similar cases.

*See Id*. (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989), *superseded in bankruptcy context by statute in In re Meronk*, 249 B.R. 208 (9th Cir. BAP 2000). Importantly, the Supreme Court has held that the degree of success obtained is "the most critical factor." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

Here, the Court finds, and GISD does not dispute, that it is appropriate to grant Krawietz attorneys' fees for the time she spent protecting her order and fee award on appeal. Dkt. 72 at 1. Therefore, it is necessary for the Court to calculate the lodestar fees for the three attorneys that successfully defended Krawietz—Dorene J. Philpot, Andrew K. Cuddy, and Jason H. Sterne.

In support of the lodestar figures they have requested, each of Krawietz's attorneys provided the Court with affidavits containing their hourly rates, their hours worked, and a description of their familiarity with IDEA litigation. Dkt. 64-2; Dkt. 64-3; Dkt. 64-4; Dkt. 65-5; Dkt. 65-6. None of Krawietz's attorneys had practiced for less than 18 years at the time the appeal was argued. The Court also takes note that the Western District has already held that it was reasonable for Andrew K. Cuddy to charge $400 an hour for legal work relating to the IDEA. *Melanie B. v. Georgetown Indep. Sch. Dist.*, No. 1:17-CV-438-LY, 2018 WL 2027745, 2018 U.S. Dist. LEXIS 72977 at *41 (W.D. Tex. Apr. 27, 2018); *see also Johnson*, 488 F.2d at 719 (5th Cir. 1974) ("The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit.").

To the extent that GISD objects to the hourly rates requested by Ms. Philpot ($325), Mr. Cuddy ($400), and Mr. Sterne ($400) in the calculation of their lodestar figures the Court is unpersuaded. Dkt. 64-1. Each of these rates is well within the average amount charged by attorneys in the Houston-Woodlands area for appellate work and adequately reflects the significant experience of the attorneys Krawietz hired. Dkt. 72-1 at 14 (According to the State Bar of Texas's Hourly Fact Sheet the median rate charged

by an appellate attorney in the Houston-Woodlands-Sugarland area in 2015 was $325, which is sure to have increased since then); *Melanie B.*, 2018 U.S. Dist. LEXIS 72977 at *41 (holding that a $100 departure from the median amount charged by an attorney in the State Bar of Texas's Hourly Fact Sheet is reasonable). Accordingly, the Court calculates the following lodestar figures:

- Ms. Philpot
    - Hourly rate: $325 for appellate work and $162.50 for drive time;
    - Total hours: 44.2;
    - Total fee: $13,747.50;
    - Total expenses: $183.40;
    - Total fees and expenses: $13,930.90.
- Mr. Cuddy and Mr. Sterne
    - Hourly rate: $400 for appellate work, $200 for travel, and $125 for paralegal work;
    - Total hours: 183.3 hours;
    - Total fee: $66,035.00;
    - Total expenses: $4,139.00;
    - Total fees and expenses: $70,174.00.

Acknowledging Krawietz's right to some amount of attorneys' fees, the GISD's only objection here is that the lodestar amounts should be reduced after consideration of the *Johnson* factors. Dkt. 72 at 1. Specifically, GISD asserted the following objections:

[Objections to Ms. Philpot's Entries]

| Basis/Bases of Objection(s) | Dates of Entries Subject to Objection(s) |
|---|---|
| Work that is entirely clerical, duplicative of other entries, too vague to determine what legal work may have been performed, and excessive attorney conferences | 3/30/17, 4/2/17/ 4/6/17, 4/7/17, 4/21/17, 4/25/17, 4/26/17, 4/28/17, 5/1/17, 5/2/17, 5/4/17, 5/8/17, 5/10/17-5/12/17, 5/16/17, 5/17/17, 5/22/17-5/31/17, 6/6/17-7/31/17, 8/8/17 (phone call with 5th Circuit mediator), 8/14/17, 8/15/17 (received enotice of filing of motion, downloaded for file, read), 8/22/17-9/25/17, 10/4/17-10/13/17, 10/16/17-10/19/17, 10/23/17-10/27/17, 10/31/17-4/27/18, 5/1/18-7/31/18, and 8/20/18 (phone call with CC, email to CC with attachment). |
| Attendance at oral argument on appeal without participation in the argument | 4/30/18 (including mileage, parking, and lunch) |

[Objections to Mr. Sterne and Mr. Cuddy's Entries]

| Basis/Bases of Objection(s) | Dates of Entries Subject to Objection(s) |
|---|---|
| Excessive attorney conferences, duplication of work, and performance of clerical tasks | 5/16/17 (Mr. Sterne's time entry), 9/6/17 (Mr. Cuddy's time entry), 10/3/17 (Mr. Sterne's time entry), 10/4/17-10/5/17, 10/23/17 (Mr. Sterne's time entry),11/8/17 (reduce Mr. Cuddy's time entries to .7 total, remove Mr. Sterne's as duplicative), 11/14/17-11/21/17, 2/26/18-4/9/18, 4/26/18 (Mr. Sterne's time entry), and 05/01/18. |
| Mr. Cuddy is seeking recovery for travel time without submitting evidence of work performed | 4/27/18-5/1/18 |

Dkt. 72 at 6, 9.

A party objecting to a motion for attorneys' fees is required to "present specific objections to the allowance sought and advance the reasons for a denial or reduction." *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 405 (5th Cir. 1985). "It is not the duty of the Court to go through the record line-by-line to determine which fees [a party] objects to" and the theory for those objections. *Melanie B.*, 2018 U.S. Dist. LEXIS

72977, at *42. This burden of specificity is not met where—as here—a party lists off several distinct theories of fee reduction and blanketly asserts their application to a range of time entries. Accordingly, the Court did not consider objections to time entries by GISD that were done in this manner. *See e.g.* Dkt. 72 at 9. Where the Court could discern what entry was being objected to however, the Court considered the objection. *See e.g. Id*. at 5.

Taking GISD's valid objections into account, the *Johnson* factors mentioned above, and that the most important factor to consider is the degree of success achieved—the Court finds the following: 1) this litigation presented difficult questions of law and thus required significant time and labor; 2) Krawietz's counsel possessed the requisite skill and experience to zealously advocate for their client and the hourly rates they cite were not unreasonable in light of similar cases within the community; 3) this case is "undesirable" due its complexity and the possibility of not recovering attorneys' fees; 4) Krawietz fully prevailed at the appellate level; (5) neither Ms. Philpot nor Mr. Sterne argued at the oral argument; (6) Ms. Philpot's work on appeal was both necessary and substantive, (7) the activities that Ms. Philpot billed for on 4/2/17 were personal in nature and did not reflect legal work, and (8) Mr. Sterne, Mr. Cuddy, and Ms. Philpot exercised billing judgment with respect to the legal work they performed.

Accordingly, the Court makes the following adjustments to the lodestar amounts above: (1) Mr. Cuddy and Mr. Sterne's attorneys' fees will be reduced by $4,360.00 for

the time Mr. Sterne billed for his travel to and attendance at oral arguments;[1] (2) the Court will reduce Mr. Cuddy and Mr. Sterne's expenses by $2,173.15, which reflects the amount Mr. Sterne charged for travel, lodging, and meals[2] and which substitutes the Federal Per Diem rate for Mr. Cuddy's meal and lodging expenses;[3] (3) Ms. Philpot's attorneys' fees will be reduced by $1,462.50, which accounts for the non-legal work she billed[4] and the time she billed for travel and attendance at oral arguments;[5] (4) Ms. Philpot's expenses will be reduced by $172.30[6] to account for the expenses she charged for her attendance at oral arguments. These changes result in the following lodestar fees:

- Ms. Philpot
    - Total fee: $12,285.00;
    - Total expenses: $11.10;
    - Total fees and expenses: $12,296.10.
- Mr. Cuddy and Mr. Sterne
    - Total fee: $61,675.00;
    - Total expenses: $1,965.85;

---

[1] Dkt. 64-6 at 5 (see entries on 4/27/18, 4/30/18, and 5/1/2018).
[2] Dkt. 64-6 at 7-8 (see Mr. Sterne's entries for travel, lodging, and meals on 4/09/18, 4/28/18, 4/29/18, 5/1/18).
[3] Dkt. 64-6 at 7-8 (Mr. Cuddy's entries for meals and lodging on the following dates were replaced with the Federal Per Diem rates: 4/27/18, 4/29/18, 4/30/18, 5/1/18); *see FY 2018 Per Diem Rates for Texas*, GSA.GOV, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=TX&fiscal_year=2018&zip=&city=houston (last visited Mar. 7, 2019).
[4] Dkt. 64-3 at 1 (see the entry on 4/2/17).
[5] Dkt. 64-3 at 10 (see the entries on 4/30/18).
[6] Dkt. 64-3 at 11 (see the entries on 4/30/18).

- Total fees and expenses: $63,640.85.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Krawietz's Motion for Attorneys' Fees. Accordingly, GISD is ordered to pay Krawietz attorneys' fees and expenses in the amount of **$75,936.95**, to be apportioned in the manner directed above.

SIGNED at Galveston, Texas, this 11th day of March, 2019.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge